**IN THE UNITED STATE DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JORDAN FARMER,**<br>**Plaintiff,**<br><br>**v.**<br><br>**CUMBERLAND COUNTY, TENNESSEE and RYAN ASHBURN, in his official and individual capacities,**<br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. ______________**<br><br>**JURY DEMAND** |

---

**COMPLAINT**

---

**COMES NOW** the Plaintiff, **JORDAN FARMER**, and sues the Defendants, **CUMBERLAND COUNTY, TENNESSEE**, and **RYAN ASHBURN**, in his official and individual capacities, and for his cause of action would state as follows:

## I. JURISDICTION AND PARTIES

1. The Plaintiff, Jordan Farmer ("Plaintiff," "the Plaintiff"," or "Mr. Farmer"), is a citizen and resident of Cumberland County, Tennessee. At all times material herein, Mr. Farmer was an uncharged and innocent passenger riding in a vehicle driven by a third party. Again, Mr. Farmer was never arrested or charged with any crime.

2. Defendant Cumberland County, Tennessee ("Cumberland County") is political sub-division within the State of Tennessee and is a "person" as contemplated by 42 U.S.C. §1983.

3. Defendant Cumberland County, Tennessee may be served with process through its County Executive/Mayor, Allen Foster, 2 N. Main Street, Crossville, Tennessee 38555.

4. Defendant Ryan Ashburn ("Defendant Ashburn" or "Mr. Ashburn"), at all times material herein, was employed Cumberland County Sheriff and Cumberland County, Tennessee as a road deputy. Upon information and belief, Mr. Ashburn has recently changed jobs and is now employed by Crossville, Tennessee as a police officer. Mr. Ashburn is being sued in both his individual and official capacities. At all times material herein, Mr. Ashburn was acting under the color of state law and is a "person" as contemplated by 42 U.S.C. §1983. He may be served with process at his personal address: 3502 Bowman Loop, Crossville, Tennessee 38571.

5. The acts and occurrence giving rise to this action all occurred in Cumberland County, Tennessee. Accordingly, venue is proper pursuant to 28 U.S.C. § 1391.

6. The Civil Rights claims in this Complaint are made pursuant to 42 U.S.C. §1983 and §1988, and the Fourth and Fourteenth Amendments to the United States Constitution. This Court maintains jurisdiction pursuant to the above statutes. This Court maintains subject matter jurisdiction over the state tort claims made herein pursuant to 28 U.S.C. § 1367.

## II. MATERIAL ALLEGATIONS

7. The Plaintiff would adopt and re-state the allegations contained in paragraphs 1-6 as if fully set forth herein.

8. On or about June 28, 2020, the Plaintiff was a passenger riding in side-by-side driven by his friend in rural Cumberland County, Tennessee. At no time did Mr. Farmer break any laws or commit any criminal offenses. He was simply an innocent passenger. The side-by-side was owned and being driven by Cody Davenport. While driving the rural countryside of Cumberland County and some of its back roads, the Cumberland County Sheriff's Department initiated a chase of Mr. Davenport's vehicle. The Plaintiff did not encourage or cause this chase. Despite involving multiple deputies in multiple patrol cars, the officers were not able to catch

Mr. Davenport, who was able to elude law enforcement up and until he reached his own property and parked in his driveway.

9. Once the vehicle was parked, Mr. Farmer put his hands in the air and did not move. He knew there were multiple law enforcement vehicles in pursuit and he did want to give the officers cause to arrest or assault him. Neither of these individuals posed any threat to law enforcement. Mr. Farmer certainly posed no threat. He committed no criminal offense and was not charged with a crime. However, it was obvious that members of the Cumberland County Sheriff's Department in pursuit were angry and incredibly volatile upon their approach.

10. As the Plaintiff sat in the passenger's seat with his hands in the air, he was aggressively and violently descended upon by law Cumberland County officers, who attempted to extract him from the vehicle. The Plaintiff was not given the option of exiting the vehicle under his own power. Mr. Farmer did not resist and did the best he could to comply. However, one of his feet was hung in the side-by-side and the officers were having difficulty pulling him from the vehicle.

11. For some unknown reason, as the Plaintiff was laying half in the vehicle and half outside the vehicle in an extremely vulnerable position, Ryan Ashburn rushed in and kneed the Plaintiff in the head. Mr. Ashburn then began punching Mr. Farmer with a series of vicious blows to his head and body. As with the kick to the Plaintiff's head, these punches were completely unnecessary and excessive. Not satisfied with the violence he was inflicting with his hands, Ryan Ashburn deployed his electric shock weapon, or "Taser™," against Mr. Farmer. Again, there was absolutely no reason to shock Mr. Farmer.

12. The violence inflicted by Defendant Ashburn proximately and directly caused the Plaintiff injury to his head and body. In fact, the injuries inflicted by the Defendant caused Mr.

Farmer to miss an extended period of work. The Plaintiff continues to suffer from the lingering effects of the beating and the electric shock inflicted by Ryan Ashburn on June 28, 2020.

13. As a direct and proximate result of the Defendant Ashburn's conduct and his unnecessary and vicious attack on the Plaintiff, Mr. Farmer suffered damages and/or injuries, including, but not limited to, physical pain and suffering, emotional trauma and stress, embarrassment, loss of the enjoyment of life, lost wages, medical expenses, and attorney fees. Mr. Ashburn may have also suffered permanent injuries, as he still suffers pain and trauma as a result of the attack.

14. It is clear that Defendant Ashburn did not receive the proper and necessary training and/or education regarding the use of force, or he completely ignored that training. Upon information and belief, Ryan Ashburn has a significant history of excessive force and/or complaints related to his conduct while employed by Cumberland County. As such, at all times material hereto, Defendant Cumberland County was fully aware of Ryan Ashburn's proclivity to employ excessive force.

## III. FEDERAL CIVIL RIGHTS CLAIMS

15. The Plaintiff would adopt and re-state the allegations contained in paragraphs 1-14 as if fully set forth herein.

16. At all times material hereto, Mr. Ashburn was acting under the authority and color of state law. Moreover, he was acting within the scope and course of his duties an employee of Cumberland County, Tennessee, and the Cumberland County Sheriff's Department.

17. As private citizen, who was not arrested or convicted of any crime, the Plaintiff has the constitutional right to be free from the infliction of unnecessary and wanton pain as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. This

includes the right to be free from unjustifiable, unnecessary, and gratuitous violence, particularly while restrained and/or incapacitated. The Plaintiff would submit Defendant Ashburn used unnecessary, unreasonable, and excessive force and violated the foregoing rights by his acts violence committed upon the Plaintiff on June 28, 2020.

18. The Plaintiff would submit before this date, June 28, 2020, these rights were clearly established, and a reasonable person and/or deputy sheriff would, or should, know of these clearly established rights and their existence at the time of the incident and events that give rise to this lawsuit.

19. Ryan Ashburn's vicious attack upon the Plaintiff was in direct violation of his rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. As such, Defendant Ashburn is guilty of causing a deprivation of the Plaintiff's constitutionally protected civil rights in violation of 42 U.S.C. § 1983. As a direct and proximate result of these constitutional deprivations, Mr. Farmer suffered the injuries and/or damages set forth in paragraph 13 of this complaint. Accordingly, Defendant Ashburn is liable to the Plaintiff for deprivation of his civil rights pursuant to 42 U.S.C. § 1983.

20. The Plaintiff would further allege conduct of Defendant Ashburn was malicious, intentional, and certainly callously indifferent to the Plaintiff's federally protected constitutional rights as defined above.

21. Presumably, Defendant Ashburn received training related police chases, investigation, and confrontation with private citizens, including the acceptable use of force and/or the deployment of his electric shock device. The Plaintiff would submit this training was obviously insufficient and/or substandard based upon the actions of Mr. Ashburn on June 28, 2020. In the alternative, Ryan Ashburn ignored his training and viciously attacked an innocent

party. The Plaintiff would submit Cumberland County failed to adequately train, educate, and/or supervise Ryan Ashburn in the use of force.

22. Moreover, upon information and belief, Cumberland County was aware of Ryan Ashburn's proclivities and his prior use of excessive force against private citizens. Upon information and belief, Ryan Ashburn has been the subject of multiple complaints and investigations into his use of excessive force and/or violence. As such, Cumberland County had knowledge of Mr. Ashburn's pattern of using excessive force and still retained him as a deputy. In addition, and in the alternative, Cumberland County did not take necessary steps or measures to properly train or educate Mr. Ashburn following his repeated incidents of abuse.

23. The Plaintiff would respectfully submit the constitutional deprivations of the Plaintiff's federally protected rights inflicted by Mr. Ashburn were also caused by unconstitutional and illegal Cumberland County policies and/or customs. Those unconstitutional policies and/or customs are as follows:

A. The failure of Cumberland County to properly develop, adopt, or implement sufficient written policies and procedures related to the use of force against private citizens, including innocent passengers, and including the deployment of an electric shock device;

B. The failure of Cumberland County to properly train officers in the use of force and/or the deployment of electric shock devices to such an extent that its failure to properly train constitutes a deliberate indifference to the rights of innocent bystanders, such as the Plaintiff;

C. The failure of Cumberland County to properly officers in the use of force related to innocent bystanders to such an extent that its failure to properly supervise constitutes a deliberate indifference to the rights of the citizens, such as the Plaintiff; and

D. Despite a history of excessive force, Cumberland County made a conscious to retain and use Ryan Ashburn as a patrol officer, despite his history of excessive force. Cumberland County did not adequately address Mr. Ashburn's issues of excessive force or properly supervise him in the field. The failure of Cumberland County to terminate, discipline, supervise, or otherwise address Ryan Ashburn constitutes a deliberate indifference to the rights of the citizens, such as the Plaintiff.

24. The Plaintiff would submit the constitutional deprivations he has suffered as outlined in this complaint were also caused by the unconstitutional/unlawful policies and customs set forth in paragraphs 21-23 of this complaint.

25. Accordingly, Defendant Cumberland County, Tennessee also liable to the Plaintiff pursuant to 42 U.S.C. § 1983.

## IV. STATE TORT CLAIMS

26. The plaintiff would adopt and re-state the allegations contained in paragraphs 1-25 as if fully set forth herein.

27. Defendant Ashburn intentionally and unlawfully caused physical contact with the Plaintiff. Mr. Ashburn's contact was unwanted, illegal, offensive, and caused physical injury. Thus, Defendant Ashburn is guilty of the common law tort of battery. Due to his actions and conduct described in this complaint, Mr. Ashburn also caused the Plaintiff be in fear of physical harm and/or death. Thus, he is also guilty of the common law tort of assault. As a direct and proximate result of his actions and unlawful conduct, the Plaintiff suffered the injuries/damages set forth in paragraph 13 of this complaint. Accordingly, Defendant Ashburn is liable to the Plaintiff for the common law torts of assault and battery.

28. Furthermore, Defendant Ashburn's conduct toward the Plaintiff was so outrageous that it should not be tolerated by a civilized society. As a direct and proximate result, the Plaintiff suffered the injuries and/or damages set forth in paragraph 13. Accordingly, Defendant Ashburn is liable to the Plaintiff for the common law tort of intentional and/or negligent infliction of emotional distress.

29. In addition, and in the alternative, the Plaintiff would submit Ryan Ashburn had a duty to use reasonable care and prudence in the exercising force in the seizure of Mr. Farmer. The Plaintiff would submit Ryan Ashburn breached the foregoing duties, and as a direct and proximate result Mr. Davis suffered the damages/injuries set forth in paragraph 13 of the complaint. Accordingly, Defendant Ashburn is liable to the Plaintiff for common law negligence. Cumberland County is liable for the acts and/or omissions of Mr. Ashburn pursuant to the doctrine of *respondeat superior*.

30. Moreover, Defendant Cumberland had a duty to use reasonable care and prudence in training, educating, monitoring, and/or supervising its deputies, like Defendant Ashburn, on the use of force, including, but not limited to, the implementation of Tasers™ and/or electroshock weapons and/or ECD's on private citizens. Moreover, Defendant Cumberland had a duty to use reasonable care and prudence in training and/or educating its patrol officers, like Defendant Ashburn, on the assessment of threats and in the use of force on private citizens. However, Cumberland County breached the foregoing duties because it did not adequately train, educate, monitor and/or supervise Ryan Ashburn, and as a direct and proximate result Mr. Farmer suffered the damages/injuries set forth in paragraph 13 of the complaint. Accordingly, Defendant Cumberland County is liable to the Plaintiff for common law negligence.

## IV. PRAYER

**WHEREFORE PREMISES CONSIDERED** the Plaintiff would pray this Honorable Court for the following relief:

A. That process issue upon the Defendants and they each be required to file an answer within the time period prescribed by law;

B. That a jury be empaneled to hear and determine all issues so triable;

C. That the Plaintiff be granted a judgment against all Defendants, jointly and severally, for any and all compensatory damages he may show himself entitled in the final trial of this cause;

D. That the Plaintiff be granted judgment against Defendant Ashburn for punitive damages in an amount to be determined in the trial of this cause;

E. The Plaintiff be granted his reasonable attorney fees pursuant to 42 U.S.C. §1988; and

F. That the Plaintiff be granted such other general relief to which he may show himself entitled upon a final trail in this cause.

**RESPECTFULLY SUBMITTED** this the __**26th**__ day of **June, 2021.**

JORDAN FARMER

By: /s Michael R. Giaimo
MICHAEL R. GIAIMO, BPR#019394
Crabtree & Patterson
Attorneys for the Plaintiff
310 E. Broad Street, Suite A
Cookeville, Tennessee 38501
(931) 528-3330
mrgiaimo@yahoo.com